IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIJAN VANDYOUSEFI, )<br>  )<br>        Plaintiff, )<br>  )<br>v. )<br>  )<br>BRINKER OKLAHOMA, INC., doing )<br>business as Chilis Bar & Grill, )<br>  )<br>        Defendant. ) | Case No. CIV-25-00904-JD |

## ORDER

Before the Court is Plaintiff Bijan Vandyousefi's ("Plaintiff") Opposed Motion to Dismiss Without Prejudice. [Doc. No. 16]. Defendant Brinker Oklahoma, Inc. ("Defendant") filed a Response [Doc. No. 18], and Plaintiff filed a Reply [Doc. No. 19]. Upon consideration of the filings and the record, the Court grants the Motion.

### I.     BACKGROUND

Plaintiff filed this case in the District Court of Oklahoma County. [Doc. No. 1-1]. Defendant removed the case, based upon diversity jurisdiction. [Doc. No. 1]. The basis of Plaintiff's case is a fall Plaintiff experienced in Defendant's business. [Doc. No. 1-1 ¶ 4]. In its Notice of Removal, Defendant stated that the parties are diverse and that Plaintiff seeks damages more than $75,000. [Doc. No. 1 at 1–2; *see also* Doc. No. 1-1 ¶ 5].

Plaintiff filed the Motion, requesting that the Court dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II. ANALYSIS

Pursuant to Rule 41(a)(2), the Court may dismiss an action without prejudice "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (internal quotation marks and citation omitted). The Court should typically grant a request for voluntary dismissal unless it would legally prejudice the defendant. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The decision to grant a motion pursuant to Rule 41(a)(2) is discretionary and reviewed for abuse of discretion. *Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

### A. Consideration of the *Ohlander* factors supports dismissal.

When determining whether dismissal would prejudice Defendant, the Court considers the following factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *Ohlander*, 114 F.3d at 1537. The Court considers each factor below.

The Court first considers Defendant's effort and expense in preparing for trial. Defendant states that it has incurred the following costs:

> To date, Defendant has incurred costs associated with removing the case to this Court, based upon Plaintiff's assertion that he sustained damages in excess of $75,000. Defendant has also incurred costs related to: Answering Plaintiff's Petition; investigating Plaintiff's claims; participating in multiple conferences with counsel and submitting associated Joint Status Reports;

2

>engaging in written discovery; reviewing and evaluating deficiencies in Plaintiff's discovery and expert disclosures; reviewing and evaluating Plaintiff's medical records; engaging in discovery conferences with Plaintiff; and general day-to-day handling of the case.

[Doc. No. 18 at 6 (internal citation omitted)]. Contrary to Defendant's contention that it has incurred substantial costs, this case is in preliminary stages, and the record does not support that Defendant has incurred substantial costs preparing for trial. The discovery deadline is not until April 6, 2026. [Doc. No. 10 ¶ 6]. The only fully elapsed deadlines are those pertaining to expert witness lists, which Defendant declined to file. [*See id.* ¶ 3]. Nor does the docket reflect motion practice apart from Plaintiff's Motion and the related briefing. Additionally, Plaintiff states minimal discovery has occurred. The parties have exchanged initial disclosures, have not taken or scheduled depositions, and Defendant has produced thirteen pages of documents. [Doc. No. 19 at 3–4]. Accordingly, the Court cannot conclude that Defendant has devoted substantial time and expense to this case that would weigh in favor of denying Plaintiff's Motion. *Cf. Jerry Venable Revocable Fam. Tr. v. Chesapeake Operating, LLC*, No. CIV-16-782-PRW, 2020 WL 354749, at *2 (W.D. Okla. Jan. 21, 2020) (granting motion under Rule 41(a)(2) even though the defendant had spent "close to half a million dollars in a similar case and this very litigation").

Second, the Court considers any excessive delay and lack of diligence by Plaintiff. Defendant asserts that Plaintiff has lacked diligence in establishing evidence to support his claim. [Doc. No. 18 at 8–9]. However, the Court notes that Plaintiff has complied with the deadlines to file his expert witness list, exhibit list, and witness list, although

Defendant contends Plaintiff's expert witness list is deficient. [*See* Doc. Nos. 13–15; *see also* Doc. No. 18 at 9 ("Plaintiff's Expert Witness List was also deficient, naming only treating providers with no substantive explanation of the grounds for their opinions, or whether they intended to testify outside the scope of their own treatment, or even identification of each provider's specialty or the body parts they treated.")]. Defendant did not, however, move to strike it. To the extent Defendant contends Plaintiff's discovery responses are insufficient, because the discovery deadline has yet to pass and Defendant has not filed any discovery motions, the Court cannot conclude any alleged insufficiencies, at this point, demonstrate a lack of diligence by Plaintiff. Defendant also argues that Plaintiff has not diligently developed his damages, stating that his medical records have shown the same amount throughout the litigation. [Doc. No. 18 at 7–8]. However, in his Reply, Plaintiff explains that his treatment is ongoing as his condition has not been improving. [Doc. No. 19 ¶ 7].[1] Accordingly, the Court cannot conclude that Plaintiff has failed to diligently assess his damages because that amount continues to accrue. The Court does not find that Plaintiff has excessively delayed this litigation or shown a lack of diligence.

      Third, the Court examines whether Plaintiff has proffered an insufficient need for dismissal. Plaintiff states that he seeks dismissal in order "to obtain further medical treatment, to have more time to build a claim, [and] to refile in state court below the

---

[1] More specifically, Plaintiff states that, after filing his petition, he decided not to undergo epidural injections because he was afraid of negative side effects and wanted to see if his condition would improve with time. [Doc. No. 19 ¶ 7]. Because Plaintiff claims his condition has not improved, Plaintiff has decided to resume treatment. [*Id.*].

diversity threshold[.]" [Doc. No. 16-1 ¶ 12]. The Tenth Circuit has stated that "it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court." *Am. Nat'l Bank*, 931 F.2d at 1413. Plaintiff's desire to potentially file in state court, plus his explanation that his medical treatment is ongoing, are adequate bases for Plaintiff to seek dismissal, especially in light of the limited prejudice to Defendant at this early stage of litigation.

 Fourth, the Court addresses the stage of litigation. As discussed above, the discovery deadline is not until April 6, 2026, and the parties have conducted limited discovery and engaged in negligible motion practice. Defendant argues the following prejudice would accrue if the Court were to dismiss the case at this stage of litigation: "Defendant has prepared for trial in accordance with this Court's Scheduling Order. Granting Plaintiff's Motion would reward delay and a failure to diligently pursue his case while simultaneously penalizing Defendant for complying with all deadlines and being prepared to proceed to trial." [Doc. No. 18 at 14]. However, the record does not support Defendant's arguments, as no depositions have happened or been scheduled and limited discovery has occurred. Defendant has not demonstrated that it has "prepared for trial in accordance with the Court's Scheduling Order," and the Court cannot conclude that dismissal would prejudice Defendant.

 Each of the above factors supports granting Plaintiff's Motion. Defendant has not demonstrated that it has invested substantial expense or effort into this case, Plaintiff has not excessively delayed or displayed lack of diligence, Plaintiff has proffered sufficient

5

reason for dismissal, and the stage of litigation is not advanced enough that dismissal would prejudice Defendant. Accordingly, the Court concludes these factors support dismissal.

### B.   The Court declines to impose the conditions Defendant requests.

Because Rule 41(a)(2) permits the Court to dismiss an action without prejudice upon such terms "as the court deems proper," the Court may impose curative conditions upon the dismissal "to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat'l Bank*, 931 F.2d at 1412. However, the Court should limit the conditions to those that "actually will alleviate harm to the defendant." *Id.* Defendant requests that the Court impose a number of curative conditions: (1) Plaintiff must reimburse Defendant's recoverable costs; (2) Plaintiff must re-file in federal court or be limited to damages less than or equal to $75,000 in state court; and (3) any refiled case should be subject to elapsed Scheduling Order deadlines. [Doc. No. 18 at 14–16].

First, Defendant seeks its costs related to filing and defending this case in federal court. One of Plaintiff's stated reasons for seeking dismissal is to potentially refile this case in state court if his damages are below the amount in controversy required for diversity jurisdiction. [Doc. No. 16-1 ¶¶ 1–2]. Plaintiff stated in his petition that he sought a judgment in excess of $75,000. [Doc. No. 1-1 ¶ 5]. Defendant relied upon that amount when removing this case. [Doc. No. 1 at 2]. Defendant, therefore, seeks the costs related to the removal and Plaintiff's Motion. [Doc. No. 18 at 14]. Plaintiff is unsure whether he will seek to re-file this case in federal or state court, in part because he anticipates accruing additional damages due to his decision to undergo additional medical

6

treatment. [*See* Doc. No. 19 ¶¶ 7, 11, 15]. Because Plaintiff could potentially re-file in federal court, the Court declines to grant Defendant its costs associated with filing and defending this case in federal court, as requested. Instead, the Court concludes that Defendant may seek its costs when the claim is re-filed pursuant to Rule 41(d), which provides "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action", or under the comparable state law rule. Fed. R. Civ. P. 41(d); *see* 12 Okla. Stat. § 684.

Second, Defendant requests that the Court require Plaintiff to re-file in federal court or be limited to damages less than or equal to $75,000 in state court. [Doc. No. 18 at 15–16]. Defendant states that "Plaintiff represented that he had already sustained more than $75,000 in damages at the time of filing this action, and Defendant removed this case and prepared its defense based, in part, upon his representations." [*Id.*]. Defendant also claims that refiling in state court would prejudice Defendant because "[t]his case presents the potential for Plaintiff to claim less than $75,000 in damages in his pleadings to remain in state court, and then turn around and assert general damages at trial in excess of $75,000." [*Id.* at 15]. The Court acknowledges that is a risk, but that risk exists for any case filed in state court. "Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action." *Am. Nat'l Bank*, 931 F.2d at 1413. Accordingly, the Court declines to impose the curative condition Defendant requests.

Lastly, Defendant requests that the Court require that any re-filed case be subject to the elapsed Scheduling Order deadlines. [Doc. No. 18 at 16]. One of the express

reasons Plaintiff has requested dismissal is because his medical treatment is ongoing. [Doc. No. 19 ¶ 7]. Accordingly, the Court anticipates experts, witnesses, and exhibits could change and that holding Plaintiff to the current deadlines would prohibit him from seeking a full recovery. Additionally, because the purpose of curative conditions is to alleviate prejudice to Defendant, the Court concludes that subjecting Defendant to the elapsed Scheduling Order deadlines would prejudice Defendant, especially considering Defendant did not file a final expert witness list. The Court, therefore, declines to impose a condition requiring a re-filed case to be subject to the elapsed Scheduling Order deadlines.

### III.   CONCLUSION

For the reasons outlined above, the Court GRANTS Plaintiff's Motion to Dismiss Without Prejudice and DISMISSES Plaintiff's claims without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 28th day of February 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE